UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ELNORA DELCID,<br>          Plaintiff<br><br>    vs.<br><br>BURGER KING, LLC;<br>RALPH W.K. HOUSH, MATT<br>LYNN CARPENTER; BETH<br>HUDDLESON; CLAYTON A.<br>BLANKENFELD; BRANDY<br>J. BLANKENFELD: SARAH<br>GOODMAN; BRIAN DUPREES<br>MICHAEL; TERRY TRIPP;<br>GARY LEON WOODWARD;<br>BRANDON BLANKENFELD;<br>KENNETH A. WELLS,<br>          Defendants | 5:24-cv-5005<br><br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court are Plaintiff's complaint, (Doc. 1), a motion to proceed without paying fees or costs, (Doc. 2), and a motion to appoint counsel, (Doc. 3). Plaintiff has moved to seal her case, (Doc. 4), which the Court hereby denies. As explained below, the Court grants Plaintiff's motion to proceed in forma pauperis, denies the motion to appoint counsel, and dismisses the complaint pursuant to 28 U.S.C. § 1915.

1

## I. Motion for Leave to Proceed In forma Pauperis

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee,* 231 F.3d at 459.

Plaintiff has submitted documentation that she receives a modest income of Medicare, Medicaid, and SNAP benefits amounting to $291.00 per month. She states she is unemployed and has no assets. Her monthly expenses are substantial, although she does not indicate how they are paid. The Court finds Ms. Delcid is

indigent within the meaning of §1915(a)(1). This determination means her claims will be screened under 28 U.S.C. § 1915(e).

## II.  Screening pursuant to 28 U.S.C. § 1915

### A.  Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides as follows:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action warrants dismissal. In screening plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).  A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675.  If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed.  *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

### B. Analysis

1. Background

The instant lawsuit is the third that Plaintiff has filed in the District of South Dakota.  All address the same situation, necessitating a discussion of what has preceded the current case.  The Court takes judicial notice of the files in the previous cases, FRE 201.  Fed. R. Evid. 201(c).

In Plaintiff's first case, 5:20-cv-5033, Judge Viken granted the pro se Plaintiff in forma pauperis status and, after screening pursuant to 28 U.S.C. § 1915, allowed the case to proceed against multiple defendants. Plaintiff alleged sexual harassment against numerous employees of Burger King in Rapid City, S.D., where she was employed until she was fired on March 24, 2017. A review of the case file indicates that Plaintiff had alleged this misconduct earlier in an administrative proceeding. (Doc. 26). Cave Enterprise Operations, the corporate entity of Burger King, LLC, offered Plaintiff a settlement of $5000. (Doc. 1-1, PgID 21). It appears that Plaintiff did not sign and return the settlement agreement in the time frame set by Cave Enterprise, which withdrew the settlement offer. (Doc. 8, PgID 64). Plaintiff then pursued the $5,000 payment in her first federal lawsuit. After substantial activity in the case, including providing Plaintiff additional time for service and additional time to respond to Defendants' motion to dismiss, Judge Viken relied on Rule 12(b)(6) and granted a motion to dismiss the claims against Terry Tripp, Gary Woodward, Brian Dupree, and Kenneth Alexander, a/k/a Kenny Alexander, with prejudice. (Doc. 74, PgID 464). His rationale included the following:  Plaintiff "expects the court to dig through her documents to see if the documents would support a resistance to motions to dismiss" although it is Plaintiff's "obligation to present legal authority" in the Rule 12(b)(6) context. (Id., PgID 463).  The claims against the remaining defendants

5

were dismissed without prejudice because they had not been served. (Id., PgID 464). Plaintiff appealed to the Eighth Circuit. Judge Viken did not grant IFP status on appeal because Plaintiff did not file the required documentation. The Eighth Circuit dismissed the appeal for lack of jurisdiction based on untimeliness. (Doc. 86).

Plaintiff's second federal lawsuit, 5:22-cv-5052, was before Judge Kornmann, and raised the same allegations as were in her prior lawsuit. Judge Kornmann granted IFP status and reviewed the documentation Plaintiff submitted with her lawsuit. He concluded the material did not elucidate her claim. On its own motion, the court addressed whether it had jurisdiction. It concluded the lawsuit properly invoked diversity jurisdiction but "nowhere" in the complaint was an amount in controversy alleged. The court surmised the claim was based on the $5000 which was offered and withdrawn, and concluded the amount was "well below the $75,000 threshold for diversity jurisdiction." (Doc. 10, PgID 85). The court identified additional infirmities in the complaint as well. The court dismissed without prejudice for failure to state a claim, and also ordered that Plaintiff cease contacting the Clerk of Courts concerning her two lawsuits by letter or phone call. (Id., PgID 86). Judge Kornmann granted IFP status for appeal (Doc. 17). The Eighth Circuit summarily affirmed the judgment of dismissal. (Doc. 18).

2. Plaintiff's current allegations

6

a. Claims against Terry Tripp, Gary Woodward, Brian Dupree, Kenneth Alexander a/k/a Kenneth Wells

Plaintiff's claims against these Defendants are identical to the claims she initiated in 5:20-cv-5033 which were dismissed by Judge Viken with prejudice for failure to state a claim. (Doc. 74). The dismissal was affirmed by the Eighth Circuit. (Doc. 86). Therefore, Plaintiff's claims against these Defendants are dismissed with prejudice.

b. Claims against remaining Defendants Burger King, LLC, Ralph W.K. Housh, Matt Lynn Carpenter, Beth Huddleson, Clayton Blankenfeld, Brandy J. Blankenfeld, Sarah Goodman, Brandon Blankenfeld (possibly listed as Brandy J. Blankenfeld)

The Defendants who remain in this case were named Defendants in the prior lawsuit handled by Judge Kornmann, 5:22-cv-5052, who dismissed without prejudice for failure to establish jurisdiction under 28 U.S.C. § 1332, for failure to comply with the pleading requirements of F.R.C.P. 8(a), and for several additional reasons. (Doc. 10, PgID 85). The Court will address the jurisdiction and pleading aspects of Plaintiff's current complaint.

As Judge Kornmann noted, in the previous complaint Plaintiff established diversity jurisdiction based on her residing in Virginia and Defendants residing in South Dakota, but failed to establish that the amount in controversy was $75,000 or

more. Judge Kornmann examined the complaint in detail and took judicial notice of Plaintiff's earlier complaint in 5:20-cv-5033 which made reference to an EEOC complaint that resulted in a settlement offer of $5000. No other facts established the jurisdictional threshold, and Judge Kornmann noted that the amount is $75,000.

Plaintiff's current complaint states that "$5000.00- 75,000" is the amount in controversy in this case. The Court surmises that the additional $75,000 is the result of Judge Kornmann's mention of that figure. The Court has combed through Plaintiff's many filings in her three cases to determine whether the jurisdictional threshold has previously been asserted. The Court found one reference in the suit before Judge Viken to "$45,000 or more." (5:20-cv-5033, Doc. 1, PgID 9). As described below, her filings indicate that she has consistently requested the $5000 that was offered in settlement of her claims and not a higher figure. If that is correct, the Court lacks jurisdiction under 28 U.S.C. § 1332.

3. Legal Standard

    a. Jurisdiction

Federal courts are courts of limited jurisdiction. *Crain v. Crain*, 72 F.4th 269, 276 (8th Cir. 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They may exercise only the jurisdiction authorized by the Constitution or a statute. *Id.* See also *Flandreau Santee Sioux Tribe v. United States*, 565 F.Supp.3d 1154, 1163 (D.S.D. 2021). The district court is required to

8

"be attentive to a satisfaction of jurisdictional requirements in all cases." *Id.*

(quoting *Winnebago Tribe of Neb. v. Babbitt*, 915 F.Supp. 157, 162 (D.S.D. 1996)).

The court may raise the issue of jurisdiction sua sponte. *Baker v. Marsh*, 2022 WL

17811256, *1 (D.S.D. Dec. 19, 2022) (citing *Auto-Owners Ins. Co. v. Tribal Court

of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007)).

Jurisdictional requirements are established in pertinent part as follows:
"(a) The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between--(1) citizens of different States;..." 28 U.S.C. § 1332.

Where the amount in controversy is in question, the party asserting federal

jurisdiction bears the burden of establishing that the jurisdictional threshold is met.

*Dupraz v. Aventis CropScience USA Holding, Inc.,* 153 F.Supp.2d 1102, 1104

(D.S.D. 2001). See generally, 5B Charles Alan Wright & Arthur R. Miller,

*Federal Practice & Procedure* § 1350 (4th ed. 2024 update). In a diversity case

where a plaintiff claims damages that satisfy the jurisdictional threshold, the court

should not dismiss for lack of jurisdiction unless "it appears 'to a legal certainty'

that the claim is really for less than the jurisdictional minimum." *Id.* (quoting *St.

Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The

court has the discretion to "look to other evidence in the record" if the pleadings

are inconclusive. *Id.* (citing *United Food Local 919 v. CenterMark Properties*, 30

F.3d 298, 305 (2d Cir. 1994)).  It can be helpful for the court to evaluate what damages the plaintiff has identified in the pleading.  *Williams v. Cargill*, 2014 WL 8262516, *4 (D.S.D. Aug. 5, 2014).

In Plaintiff's initial case, 5:20-cv-5033, she listed the amount claimed as "$45,000 or more what they did to me the mgmt. and the employees, and I think they need to go to jail too." (Doc. 1, PgID 9).  In the same document she stated "The amount I told EEOC was $45,000 to $75, and to $85, and they said that they not going to [indecipherable] that at all the EEOC." (Id., PgID 4).  Accompanying that filing are documents indicating a settlement was reached.  (Id., PgID 12; Doc. 1-1, PgID 19-26).  A document which includes a payment of $5000 designated for the employee, Ms. Delcid, appears in her documentation.  (Doc 1-1, PgID 21 and PgID 37).  A waiver of the right to sue in consideration for $1000 appears to have been signed by Plaintiff on Feb. 13, 2020. (Id., PgID 32).  Follow up correspondence from EEOC indicates Plaintiff did not sign the conciliation agreement and notes the offer has been withdrawn.  (Id., PgID 36).

Plaintiff's second case was 5:22-cv-5052. In reviewing every document Plaintiff filed, the Court determines the following are the references that describe the amount in controversy:

-- The Complaint requests as Money Damages "that money that was on paperwork," (Doc 1, PgID 5).

--Miscellaneous submission: "they settle for $5,000 that's also on the papers," (Doc. 6, PgID 27); mention of $500 needed to file the federal case, (id., PgID 28).

--In motion for In Forma Pauperis status at the United States Supreme Court, Plaintiff notes in category of "Person owing you money": "Burger King LLC--$5000 said they was going to give me that with the lawyer there."  (Doc. 7, PgID 38).  Letter attached to Plaintiff's IFP motion mentions $500 filing fee. (Id., PgID 42).  Response from Supreme Court gives filing instructions and offers to assist if Plaintiff will call and leave her phone number. (Id., PgID 46).  Apparently, Plaintiff did not do so and her documents were returned.  (Doc. 9-1, PgID 61).

--Supplement to Motion for IFP at District Court lists as "Person owing you money" the following: "Burger King, LLC $6000-$5000." (Doc. 8, PgID 51, supplementing Doc. 4).

--Letter from Plaintiff includes as an attachment a communication from the Eighth Circuit of 12/8/21 including a form for the motion for IFP. (Doc. 9-1, PgID 63).  In the category of "person owing money" Plaintiff lists "Burger King, LLC $5,500" and "employee and lawyer $5,500." (Id., PgID 65).

A review of the aforementioned documents as well as Plaintiff's filings in the instant case lead to the conclusion that the amount in controversy does not meet the $75,000 threshold.  Judge Kornmann had available all of the documents cited

above when he reached that conclusion. The facts in support of Plaintiff's complaint have not changed since she filed 5:22-cv-5052.

      b.   Pleading requirements pursuant to FRCP 8(a)

Rule 8(a)(2) directs that plaintiff's claim for relief must consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d)(1) instructs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). As noted above, the complaint must include facts that show the claim "is plausible on its face" to satisfy Rule 8's requirements. *Ashcroft*, 556 U.S. at 678-79. See also *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1014 (8th Cir. 2015); *Haney v. American Family Mutual Insurance Company*, 223 F.Supp.3d 921, 924 (D.S.D. 2017).

The court must give a liberal construction to a pro se complaint. *Erickson*, 551 U.S. at 94. The court must examine such a complaint "to determine if the allegations provide for relief on any possible theory." *Williams*, 853 F.2d at 588. Even with that that approach, the Court has difficulty deciphering Plaintiff's complaint. Documentation in this and her previous cases includes handwritten lists of names. At times, the lists are accompanied by fragmentary explanations. It is clear she alleged race and sex discrimination in previous administrative actions. She based those claims, as best the Court can glean, on a fellow employee touching

her improperly. Perhaps there was a suggestion that she go to a motel with an employee. It is not clear, however, whether the individuals Plaintiff names as Defendants are the alleged perpetrator, another victim, a witness, or supervisors at Burger King. It is also not clear when the alleged events occurred, although Plaintiff indicated in her first lawsuit that she was fired from Burger King on March 24, 2017, meaning the activity occurred prior to that time. (5:20-cv-5033, Doc. 26-1, PgID 177).

Under any interpretation of Plaintiff's pleadings, it remains the case that she appears to be requesting the $5,000 she was offered to settle the claim against Burger King several years ago. Perhaps a better course for Cave-Burger King, particularly because it and its employees have been named defendants in three federal lawsuits, would have been to compensate Plaintiff and not to withdraw the $5,000 offer. That did not happen, however, and at this juncture the Court is satisfied that Plaintiff's complaint may not proceed.

Given that Plaintiff's claims are dismissed there is no reason to appoint counsel and her motion for such appointment is denied. (Doc. 3).

**CONCLUSION**

This is Plaintiff's third lawsuit in federal court to try to receive compensation for alleged incidents occurring at Burger King of Rapid City, S.D., sometime prior to March 2017. Her first case was dismissed primarily for failure

to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Her

second case was dismissed for failure to meet the jurisdictional threshold of

$75,000.  Her effort to insert that amount in this lawsuit-- when she actually is

seeking a payment of $5,000 offered as a settlement and later withdrawn—is

unsuccessful in establishing the jurisdictional threshold established at 28 U.S.C. §

1332.  As a result, the Court lacks jurisdiction to resolve Plaintiff's case.

      Accordingly, IT IS ORDERED that

1.  Plaintiff's motion to seal is denied, Doc 5;

2.  Plaintiff's motion for in forma pauperis status is granted, Doc. 2;

3.  Plaintiff's motion for appointment of counsel is denied, Doc 3;

4.  Plaintiff's claims against Terry Tripp, Gary Woodward, Brian Dupree and
    Kenneth Alexander are dismissed with prejudice;

5.  Plaintiff's remaining claims are dismissed based on lack of jurisdiction under
    28 U.S.C. § 1332 without prejudice.

Dated this 5th day of March, 2024.

                       BY THE COURT:

                       Lawrence L. Piersol
                       United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

14